UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NERY ROHTTIS,

      Plaintiff,

v.                         Case No: 2:21-cv-737-JES-NPM

THE SCHOOL DISTRICT OF LEE
COUNTY, FLORIDA,

      Defendant.

_____

### OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #46) filed on June 15, 2022. Plaintiff did not file a response, and the time to do so has passed. On July 15, 2022, Defendant filed a Request for Oral Argument on its Motion to Dismiss. (Doc. #49.) For the reasons set forth below, the motion is granted in part and denied in part, and the request for oral argument is denied as moot.

**I.**

**A. Factual Background**

The allegations in the Second Amended Complaint concern termination of plaintiff Nery Rohttis' (Plaintiff) 19-year employment with defendant – the School District of Lee County, Florida (Defendant or School District). (Doc. #40, ¶ 8.) Plaintiff worked as a school bus operator on behalf of the School District.

1

(Id.) On May 15, 2018, Plaintiff suffered a work-related accident which caused injuries to Plaintiff's left shoulder, hip and hand, and lower back. (Id., ¶ 11.) Plaintiff filed a worker's compensation claim on the same day as her work accident. (Id.)

Following the accident, Plaintiff's medical providers placed her on light-duty work restrictions, which included not lifting anything above her head. (Id., ¶ 12.) In November 2018, the School District accommodated Plaintiff's work restrictions by reassigning Plaintiff to various jobs, including an "English Speaker Other Languages (ESOL) Paraprofessional; In-School Suspension (ISS) Paraprofessional; and/or various assignment(s) as the Lee County School District deemed necessary." (Id., ¶ 13.)

On April 9, 2019, Plaintiff's treating orthopedic surgeon, Dr. Gomez, released Plaintiff back to regular-duty work, but noted that maximum medical improvement (MMI) could not be determined. (Id., ¶ 14.)

On May 2, 2019, Plaintiff successfully completed the U.S. Department of Transportation Federal Motor Carrier Safety Medical Examination and qualified for a "two-year driving certificate." (Id., ¶ 15.) Just five days later, Plaintiff underwent a "driver's test" at Defendant's request, despite the School District having knowledge that Plaintiff had not been released by her pain management physician, Dr. Tafel. (Id., ¶ 16.) During Plaintiff's

driving test, she experienced physical difficulties with her left hand. (Id., ¶ 17.)

On May 17, 2019, Plaintiff met with Yvonne Steward (Supervisor of Transportation West) and Richard Purdue (Director of Transportation West), both of whom directed Plaintiff not to return to work until she spoke with Cathy Richards, a workers' compensation adjuster. (Id., ¶ 18.) During the meeting, Plaintiff asked Ms. Steward and Mr. Purdue if she could return to work at the schools where she was previously assigned, but they denied her request. (Id.)

Dr. Tafel released Plaintiff to regular-duty work on May 20, 2019, with a MMI rating of two percent. (Id., ¶ 19.) Dr. Tafel diagnosed Plaintiff with left upper extremity pain, and a "physical impairment that substantially limited one or more major life activities." (Id.) On the same day, Plaintiff arrived at "Transportation West" to work, but Mr. Purdue informed Plaintiff that she was suspended (without pay) from her employment with the School District and that she must use her "sick days going forward." (Id., ¶¶ 20, 21.) Mr. Purdue did not provide an explanation for Plaintiff's suspension. (Id., ¶ 21.)

Plaintiff sent a certified letter to the School District, requesting an explanation for her suspension. (Id., ¶ 23.) Defendant received the certified letter on May 28, 2019. (Id., ¶ 24.) For two months following her suspension, Plaintiff regularly

inquired about her "work status", but each time she traveled to the School District's Transportation West, Plaintiff was told she should not be there.  (Id., ¶ 25.)

On August 7, 2019, Plaintiff received an unsigned letter from Roger Lloyd (Director of Transportation), informing Plaintiff that she "failed to report to work since May 30, 2019 . . . [and he] will be recommending to the Superintendent that [Plaintiff's] contract will not renew for [her] . . . position as a school bus operator, effective August 7, 2019."  (Id., ¶ 28.)  Plaintiff immediately sent a certified letter to the U.S. Equal Employment Opportunity Commission (EEOC), alleging that the School District discriminated against her due to disability, wrongfully terminated her employment, and retaliated against her for filing a workers' compensation claim.  (Id., ¶ 29.)  Plaintiff also informed the School District's Superintendent, Greg Adkins, and Director of Human Resources, Angela Pruitt, that she believed her termination was unfair and was appealing the School District's decision.  (Id., ¶ 30.)  Prior to her termination, Plaintiff did not have any disciplinary actions noted in her personnel folder.  (Id., ¶ 10.)

**B. Procedural Background**

On October 6, 2021, Plaintiff initiated this lawsuit against Defendant upon filing a Complaint with this Court.  (Doc. #2.)  On November 23, 2021, Defendant filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6), which the Court granted on

February 22, 2022. (Doc. #35.) Plaintiff was provided an opportunity to file an Amended Complaint if she chose to do so. Plaintiff filed an Amended Complaint on March 8, 2022, and Defendant again sought to dismiss her claims for failure to state a claim. (Doc. #36.) Rather than file a response, Plaintiff filed a Second Amended Complaint on May 10, 2022, which she also characterized as a motion for leave to file the complaint. (Doc. #40, p. 1 n.1.)  The Court issued an Order granting Plaintiff's motion for leave and dismissed Defendant's motion to dismiss the Amended Complaint as moot, giving Defendant twenty-one days to respond to Plaintiff's Second Amended Complaint (SAC). (Doc. #41.) Defendant timely filed a motion a motion to dismiss the SAC. (Doc. #46.)

The operative pleading, the eight-count Second Amended Complaint, asserts claims for employment discrimination pursuant to the American Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1933 (FMLA), 29 U.S.C. § 2601, et seq., the Florida Civil Rights Act (FCRA) "as cited within the Lee County School District Policies 1.21, 1.22, 5.20, 5.22, 5.25, 5.28, and 601," Florida Statute Chapter 440, Workers' Compensation . . . ." (Doc. #40, ¶ 2.) Plaintiff alleges the following claims against the School District: (1) violation of the FMLA and failure to accommodate disability; (2) violation of the

5

FMLA – retaliation  (3) violation of the ADA, as amended; (4) violation of the Florida Civil Rights Act – disability discrimination; (5) violation of the ADA, as amended – retaliation; (6) violation of the Florida Civil Rights Act – retaliation; (7) breach of contract/wrongful termination; and (8) violation of the Florida Workers' Compensation – retaliation. (Id., pp. 7-22.)

Defendant moves to dismiss all counts in the SAC pursuant to Rule 12(b)(6) because they do not provide factual allegations to support Plaintiff's right to relief.  (Doc. #46, pp. 1.) Defendant's arguments are addressed below.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also, Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

### A. Count I – Violation of FMLA and Failure to Accommodate[1]

---

[1] Count I of the SAC is entitled "Violation of Family and Medical Leave Act (FMLA) Failure to Accommodate Disability." Count I does not indicate whether Plaintiff is asserting an interference or retaliation claim under the FMLA. However, because Count II asserts a FMLA—retaliation claim, the Court will construe Count I as asserting an interference claim. Furthermore, Count I's title indicates that Plaintiff is also asserting a failure to accommodate claim under the ADA, but there are no allegations that Defendant failed to accommodate a disability. Thus, the Court will not

Count I of the SAC alleges that Plaintiff suffered from a serious health condition, that she informed the School District of her need for leave due to a serious health condition, and that the School District determined Plaintiff was eligible for leave, but failed to grant leave and terminated her employment. (Doc. #40, ¶¶ 36-37, 40, 45.)

The FMLA guarantees the rights of eligible employees to "12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position[.]" 29 U.S.C. § 2612(a)(1)(D). To protect this right, the FMLA authorizes two types of claims — interference and retaliation. See Strickland v. Water Works & Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001). An interference of rights occurs when an employer interferes with, restrains, or denies the exercise or attempted exercise of rights or benefits under the FMLA. See 29 U.S.C. § 2615(a)(1); Pereda v. Brookdale Senior Living Cmtys., Inc., 666 F.3d 1269, 1272 (11th Cir. 2012) (explaining that interference claims involve an "employee assert[ing] that his employer denied or otherwise interfered with his substantive rights under the [FMLA]."). To state a claim for interference, a plaintiff must demonstrate that she was entitled, under the FMLA,

---

discuss whether Count I sets forth a plausible claim under the ADA.

to a benefit that she was denied. White v. Beltram Edge Tool Supply, Inc., 789 F.3d 1188, 1191 (11th Cir. 2015).

Defendant argues that Plaintiff's FMLA interference claim should be dismissed as Plaintiff "failed to allege that she was entitled to leave under the FMLA because she does not allege facts to show that she provided sufficient notice to the School District of her need for FMLA leave." (Doc. #46, p. 4.) More specifically, the Defendant asserts that the SAC does not allege any facts about when or whom Plaintiff informed about her need for leave, the means by which the alleged notice was provided to the School District, or the anticipated timing or duration of her alleged request. (Id., p. 5.)

"While suffering from a serious health condition is necessary, it is not sufficient for an employee to earn FMLA leave." Finch v. Morgan Stanley & Co. LLC, No. 15-81323-Civ, 2016 U.S. Dist. LEXIS 106305, 2016 WL 4248248, at *4 (S.D. Fla. Aug. 11, 2016). Under the FMLA, "[a]n employee must [also] provide the employer at least 30 days advance notice before FMLA leave is to begin if the need for leave is foreseeable based on [planned medical treatment for a serious health condition]. . . . If 30 days notice is not practicable because of lack of knowledge . . . notice must be given as soon as practicable." Avena v. Imperial Salon & Spa, Inc., 740 F. App'x 679, 681 (11th Cir. 2018) (quoting 29 C.F.R. § 825.302(a)). The notice provided must be "sufficient

to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." Id. (quoting 29 C.F.R. § 825.302(c)).

The Court finds that Plaintiff has failed to state a plausible FMLA interference claim. Plaintiff only provides a formulaic recitation of the elements of this claim, i.e., that she requested leave due to a serious medical condition and was not granted leave and terminated.[2] Such bare bone assertions will not suffice. Twombly, 550 U.S. at 555 (for plaintiff to show entitlement to relief it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). With respect to the notice requirement, the SAC simply states that "Ms. Rohttis complied with all of the notice and due diligence requirements of the FMLA," with no additional factual support. Furthermore, Plaintiff does not allege that she ever informed the School District about the anticipated timing or duration of her leave. Even viewing the allegations in a light most favorable to Plaintiff, her claim for FMLA interference is insufficient to survive dismissal under Rule 12(b)(6) as her allegations are conclusory and unsupported by facts. See Iqbal,

---

[2] In seeming contradiction to these allegations, Paragraph 52 of the SAC alleges that Plaintiff was terminated from her employment with the School District because she requested and took FMLA leave, and demanded reinstatement from such leave. (Doc. 40, ¶ 52.)

556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Defendant's motion to dismiss Count I is therefore granted, without prejudice.

**B. Count II — Retaliation In Violation Of FMLA**

Count II of the SAC alleges that the School District violated the FMLA by retaliating against Plaintiff when it terminated her employment for requesting leave due to her serious medical condition. (Doc. #40, ¶¶ 50, 53.)

"The FMLA prohibits employers from retaliating against employees for engaging in protected activities." Munoz v. Selig Enterprises, Inc., 981 F.3d 1265, 1275 (11th Cir. 2020). To establish a FMLA retaliation claim, Plaintiff "must demonstrate that h[er] employer intentionally discriminated against h[er] in the form of an adverse employment action for having exercised an FMLA right." Aponte v. Brown & Brown of Fla., Inc., 806 F. App'x 824, 829 (11th Cir. 2020) (quoting Strickland, 239 F.3d at 1207). To establish a prima facie case of FMLA retaliation, Plaintiff must allege that "(1) [s]he engaged in statutorily protected activity, (2) [s]he suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1268 (11th Cir. 2008).

Defendant argues that Plaintiff's retaliation claim must be dismissed because the SAC does not allege any facts tending to show a causal relationship between any protected activities and any alleged adverse employment action. (Doc. #46, p. 6.) Rather, Defendant asserts that Plaintiff summarily concludes "[a] causal connection exists between Ms. Rohttis [sic] request for FMLA protected leave and reinstatement and LCSD termination of her employment" which fails to provide any facts about her alleged protected activity, including when she allegedly requested FMLA-qualifying leave. (Id., citing Freytes-Torres v. City of Sanford, 270 F. App'x 885, 893 (11th Cir. 2008) (To satisfy the causation prong of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated)).

As discussed above, Plaintiff did not provide any facts that sufficiently allege that she engaged in protected activity under the FMLA, including giving the School District notice of the need for leave. Just as with an FMLA interference claim, "notice" of the need for FMLA leave is a requisite for a FMLA retaliation claim. Avena, 740 F. App'x at 681 (Notice must be given under "under both the discrimination and the interference provisions of the FMLA."); Hurley v. Kent of Naples, Inc., 746 F.3d 1161, 1167 (11th Cir. Fla. 2014) (An employee must actually qualify for FMLA leave in addition to providing appropriate notice to assert a valid

interference or retaliation claim).  Thus, Plaintiff has not pled sufficient facts as to the first element of her retaliation claim.

Because Plaintiff has not adequately alleged that she engaged in any protected activity under the FMLA, Plaintiff cannot plausibly show that a causal link exists between any protected activity and adverse employment action.  The Court therefore grants Defendant's motion to dismiss Count II of the SAC, without prejudice.

### C. Count III and Count IV – Disability Discrimination In Violation of the ADA and FCRA

Count III and Count IV of the SAC allege that the School District unlawfully discriminated against Plaintiff in violation of the ADA and FCRA, respectively. (Doc. #40, ¶¶ 56-70, 71-85.) Specifically, Plaintiff alleges that she "has perceived mental impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments." (Id., ¶¶ 58, 73.)  Plaintiff further alleges that the School District discriminated against her "because of her perceived disabilities." (Id., ¶¶ 63, 78.)

"[D]isability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims."  Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007). Accordingly, federal case law interpreting the ADA is applicable

to claims arising under the FCRA. Matamoros v. Broward Sheriff's Off., 2 F.4th 1329, 1336 (11th Cir. 2021).  The Court will therefore analyze Plaintiff's ADA and FCRA claims together. Holly, 492 F.3d at 1255.

Both the ADA and the FCRA recognize discrimination based on a perceived disability. The ADA defines "disability" as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2).  Similarly, the FCRA prohibits employment discrimination "based on . . . handicap." Fla. Stat. § 760.10(1). Individuals with a handicap include those with actual physical impairments as well as those who are regarded by others as impaired. Davidson v. Iona-McGregor Fire Protection & Rescue Division, 674 So.2d 858, 860 (Fla. 2d DCA 1996) (citing Sch. Bd. of Nassau Cnty v. Arline, 480 U.S. 273, 281-84, 107 S. Ct. 1123, 94 L. Ed. 2d 307 (1987)).

The School Board argues that the SAC fails to identify: the alleged perceived impairment; any record that purportedly classified Plaintiff as having a mental impairment; any life activities Defendant believed were substantially limited by Plaintiff's mental condition; or any misperceptions Defendant entertained about Plaintiff whatsoever.  The School Board asserts that Plaintiff's conclusory allegations – that her perceived

mental impairment substantially limited major life functions – cannot support a claim under the ADA or FCRA.  The Court agrees.

Plaintiff alleges that she suffered work-related *physical* injures to her left shoulder, hip, arm, hand, and her lower back, and that Dr. Tafel diagnosed Plaintiff with left upper extremity pain. (Id., ¶¶ 11, 19.)  However, Plaintiff does not identify her perceived "mental impairment" that "substantially limit[s] one or more of [her] major life activities." See 42 U.S.C. § 12102(2). Identification of a real or perceived disability is a requirement of a cause of action under the ADA. Gordon v. E.L. Hamm & Assocs., 100 F.3d 907, 910 (11th Cir. 1996).

In addition, other than a bare assertion that the School District regarded Plaintiff as having mental impairments (Doc. #40, ¶¶ 58, 73), the SAC is devoid of any factual allegations to support this claim.  Conclusory allegations do not "unlock the doors of discovery" for plaintiffs. Iqbal, 556 U.S. at 678-79. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Accordingly, Plaintiff has failed to allege plausible disability discrimination claims under the ADA and FCRA.  Defendant's motion to dismiss Count III and Count IV is therefore granted, without prejudice.

**D. Count V and Count VI – Retaliation In Violation Of The ADA and FCRA**

In Count V and Count VI of the SAC, Plaintiff sets forth claims for retaliation under the ADA and FCRA, which Defendant argues does not offer adequate factual allegations to support any right to relief.[3] (Doc. #40, ¶¶ 86-95, 96-105; Doc. #46, p. 9.)

The ADA makes it an unlawful for an employer to "discriminate against any individual because such individual has opposed an unlawful act under the ADA, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under those statutes." 42 U.S.C. § 12203(a).  To plead a claim of retaliation under FCRA and the ADA, Plaintiff must allege that: "(1) [s]he engaged in conduct protected by the ADA; (2) [s]he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected conduct." Powell v. Space Coast Credit Union, No. 6:15-cv-550-Orl-22TBS, 2015 U.S. Dist. LEXIS 174041, at *14-15 (M.D. Fla. Dec. 23, 2015) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1336 (11th Cir. 1994)); see also Blizzard v. Appliance Direct, Inc., 16 So. 3d 922, 926 (Fla. 5th DCA 2009) (setting forth same elements to establish a prima facie case of retaliation under FCRA, § 760.10(7)).

---

[3] FCRA retaliation claims are analyzed under the same framework as ADA claims. Russell v. City of Tampa, 737 F. App'x 922, 923 (11th Cir. 2018).

The School District argues that Plaintiff has failed to identify any alleged protected activity, let alone allege a causal connection between the protected activity and any alleged adverse employment action. (Doc. #46, p. 10.)  The Court does not agree.

Plaintiff alleges that her "objection to disability discrimination" constitutes protected activity because it was in furtherance of her rights secured to her by law. (Doc. #40, ¶¶ 88, 98.)  The SAC alleges that on May 20, 2019, Plaintiff sent a certified letter to the School District requesting an explanation why she was suspended without pay and stated that she believed Defendant's actions were "discriminatory", which was later received by the School District on May 28, 2019.  (Id., ¶¶ 23-24.) Plaintiff further alleges that on August 7, 2019, her employment was terminated when the School District did not renew her contract. (Id., ¶ 28.)

Viewing the allegations in a light most favorable to Plaintiff, the Court finds Plaintiff's May 20, 2019 letter that was received by Defendant on May 28, 2019, sufficiently alleges protected activity that Plaintiff believed to be discriminatory. See Calvo v. Walgreens Corp., 340 F. App'x 618, 625-26 (11th Cir. 2009) (noting that opposing unlawful practices or filing charges against the employer are the bases for a retaliation claim).  The SAC also sufficiently alleges an adverse employment action – that Plaintiff's employment with the School District was terminated on

August 7, 2019.  While Defendant correctly argues that to show a causal connection between protected activity and an adverse employment action, there must be a "very close" temporal proximity between the two events, the Court finds Plaintiff has plausibly alleged such a connection.  See Pennington v. City of Huntsville, 261 F.3d 1262, 1267 (11th Cir. 2001) (citations omitted) ("The causal link element is construed broadly so that 'a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'").  Based on the allegations, there is a little over two months between Defendant's receipt of Plaintiff's letter and her termination, which is sufficient as a matter of law to infer a causal relationship for purposes of retaliation.  Compare Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (citing with approval several court of appeals decisions for the proposition that a three to four month gap is insufficient to establish the causal relation prong in a retaliation case); Cazeau v. Wells Fargo Bank, N.A., 614 F. App'x 972, 980 (11th Cir. 2015) (citing Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007)) (a "delay of four to nine months is too remote, as a matter of law, to show a causal connection."); Walker v. Sec'y, U.S. Dep't of Air Force, 518 F. App'x 626, 628 (11th Cir.

2013) (three-month time lapse has been held insufficient to create a jury issue regarding causation).[4]

### E. Count VII – Breach of Contract/Wrongful Termination

Count VII of the SAC alleges a claim for "breach of contract/wrongful termination." (Doc. #40, ¶¶ 106-112.) Under Florida law, a breach of contract claim requires the existence of a valid contract between the parties, a material breach of that contract, and resulting damages. Havens v. Coast Fla., 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013).

Defendant argues, and the Court agrees, that Plaintiff has only provided conclusory allegations which are merely consistent with Defendant's liability and are insufficient to state a breach of contract claim. Chaparro, 693 F.3d at 1337.

### (1) A Valid Contract

"In order to establish the presence of a valid contract, a plaintiff must allege the existence of: (1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement." Senter v.

---

[4] To the extent Plaintiff alleges that her letter to the EEOC dated August 7, 2019 about her "wrongful termination," or her EEOC Charge dated January 21, 2020 constitute protected activity, the Court finds otherwise.  Both documents occurred after Defendant's alleged adverse action on August 7, 2019, and therefore could not serve as the basis for any retaliation.  See Mack v. Wilcox Cnty. Comm'n, No. 09-00101-KD-B, 2009 U.S. Dist. LEXIS 114861, at *14 (S.D. Ala. Nov. 6, 2009) (dismissing a claim where the plaintiff's termination preceded his EEOC charge).

<u>JPMorgan Chase Bank, N.A.</u>, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011) (citing <u>St. Joe Corp. v. McIver</u>, 875 So. 2d 375, 381 (Fla. 2004)).

Plaintiff does not satisfy the first element of her breach of contract claim.  Plaintiff alleges that a contract existed between her and the School District, that the parties agreed to the terms (which were clear and unambiguous), and that she performed her duties under the contract (Doc. #40, ¶¶ 107-09).  Other than these vague and conclusory statements, the SAC contains no allegations showing that any offer, acceptance, or consideration was provided between Plaintiff and the School District, nor does the SAC provide any specificity about the essential terms of such agreement. Plaintiff therefore has not sufficiently pled any facts tending to show the existence of a valid contract.

### (2)  **Material Breach of the Contract**

Plaintiff does not satisfy the second requirement because she fails to allege a material breach of the contract. Plaintiff never alleges which specific term of the contact was violated by the School District; rather, she alleges Defendant refused to employ and pay her the "full amount of sums due under the terms of the contract." (Doc. #40, ¶ 110.)  This accusation is too conclusory to survive a motion to dismiss. See <u>Regal v. Butler & Hosch</u>, No. 15-CIV-61081, 2015 U.S. Dist. LEXIS 182446, 2015 WL 11198248, at *5 (S.D. Fla. Oct. 8, 2015) (A  breach of contract claim must be

dismissed "where it is unclear what provision or obligation under the contract has been violated."); see also George v. Wells Fargo Bank, N.A., No. 13-80776-CIV, 2014 U.S. Dist. LEXIS 2000, 2014 WL 61487 (S.D. Fla. Jan. 8, 2014) ("The Amended Complaint does not identify which provision of the [contract] has been breached and therefore runs afoul of Twombly.").

### (3) Damages

Under Florida law, a breach of contract claim requires a showing of "damages resulting from such breach." Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1365 (M.D. Fla. 2007) (citing Knowles v. C.I.T. Corp., 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977)). Plaintiff alleges that she "has been damaged as a result of the Defendant's breach of contract," with no supporting facts. (Doc. #40, ¶ 111.) While the Court may infer that Plaintiff may have been damaged by the School District's refusal to employ or pay her, her claim is still somewhat vague. Vague "catchall" allegations are insufficient to survive a motion to dismiss. Heyward v. Wells Fargo Bank, No. 8:20-cv-572-T-33AAS, 2020 U.S. Dist. LEXIS 257058, at *5-7 (M.D. Fla. Oct. 6, 2020).

Accordingly, Plaintiff has failed to allege a plausible breach of contract claim. Defendant's motion to dismiss Count VII is granted, without prejudice.

### F. Count VIII — Retaliation In Violation of Florida Workers' Compensation Statute § 440.205[5]

Count VIII of the SAC alleges that the School District retaliated against Plaintiff in violation of Florida's Workers' Compensation law. (Doc. #40, ¶¶ 113-122.)

Florida Statute § 440.205 provides: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation . . . under the Workers' Compensation Law."  To state a claim for workers' compensation retaliation under § 440.205, Plaintiff must allege the following: (1) she engaged in the protected activity of applying for workers' compensation; (2) she was adversely affected by an employment decision; and (3) there is a causal connection between the protected activity and the adverse employment decision. See Eichmuller v. Sarasota Cty. Gov't, No. 8:20-cv-47-T-33SPF, 2021 U.S. Dist. LEXIS 3220, at *15 (M.D. Fla. Jan. 8, 2021).

In its motion, the School District seeks dismissal of Plaintiff's workers' compensation retaliation claim, arguing that Plaintiff cannot establish a causal connection between her

---

[5] In addition to alleging retaliation in violation of Florida's workers' compensation statute, Plaintiff includes allegations within Count VIII about Defendant retaliating against her in violation of the ADAAA. Because the Court has already addressed Plaintiff's retaliation claim under the ADA (as amended by the ADAAA), it will disregard any related allegations.

protected activity and an adverse employment action due to a substantial delay between the two events. (Doc. #46, pp. 14-15.) "A causal connection between a plaintiff's protected activity and an employer's adverse employment action may be inferred from temporal proximity so long as the timing between the two events is 'very close.'" Ortiz v. Ardaman & Assocs., No. 6:17-cv-1430-Orl-40GJK, 2019 U.S. Dist. LEXIS 106250, at *38 (M.D. Fla. Mar. 27, 2019) (citing Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007)). In the absence of any other evidence of causation, the Eleventh Circuit has held that a three-month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation. Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006).

Plaintiff alleges that her objection to retaliation for filing her workers' compensation claim constitutes her protected activity, and that the School District retaliated against her when it altered the terms and conditions of her employment via her termination on August 7, 2019. (Doc. #40, ¶¶ 28, 114-15.) However, under § 440.205 protected activity occurs when a plaintiff applies for workers' compensation, which in this case occurred on March 15, 2018. (Id., ¶ 115.) Plaintiff was suspended without pay on May 20, 2019, and was ultimately terminated from her employment with the School District on August 7, 2019. (Id., ¶¶ 20, 28.)

To the extent Plaintiff is alleging that she was suspended and terminated from her position as a school bus driver due to filing a workers' compensation claim, the facts do not support an inference of causation. Taking the allegations as true, there is approximately a fourteenth month gap between when Plaintiff applied for workers' compensation benefits and when she was suspended, as well as more than seventeen months in regard to her termination. See, e.g., Gonzales v. Pasco Cnty. Bd. of Cnty. Comm'rs, No. 8:11-cv-1397-T-30TGW, 2013 WL 179948, 2013 U.S. Dist. LEXIS 7249, at *24 (M.D. Fla. Jan. 17, 2013)(stating that there was no causal connection due to the five month gap between the application for workers' compensation benefits and the alleged adverse employment action); Sierra v. Port Consolidated Jacksonville, L.L.C., 2016 WL 927189, 2016 U.S. Dist. LEXIS 28085 (M.D. Fla. Mar. 4, 2016) (same for gap of nine months); Pericich v. Climatrol, Inc., 523 So. 2d 684, 686 (Fla. 3d DCA 1988) (same for gap of over a year). Cf. Renta v. Cigna Dental Health, Inc., No. 08-60938CIV, 2009 U.S. Dist. LEXIS 101491, 2009 WL 3618246, (S.D. Fla. Oct. 29, 2009) (explaining that a "close temporal proximity" is between one and two months). Accordingly, the time gap between when Plaintiff filed for workers' compensation benefits and her suspension or termination is too significant to support an inference of retaliation under § 440.205.

Because Plaintiff has failed to alleged any facts showing a causal connection between her protected activity and any adverse employment action, Count VIII of the SAC – the Florida workers' compensation retaliation claim is hereby dismissed, without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #46) is **GRANTED in part and DENIED in part**.

2. Plaintiff's Second Amended Complaint (Doc. #40) is **DISMISSED without prejudice**; the motion is **DENIED** as to Count V and Count VI.

3. Defendants Request for Oral Argument on its Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #49) is **DENIED as moot.**

4. Plaintiff is granted leave to file a third (and final) amended complaint if she believes it would not be futile. Plaintiff may file a third amended complaint **on or before August 16, 2022**. Defendant shall answer the remaining counts of the Second Amended Complaint, or respond to a third amended complaint if one is filed, **on or before August 31, 2022.**

**DONE AND ORDERED** at Fort Myers, Florida, this ____1st____ day of August, 2022.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of record